<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**No. 09-2110**

_____

TAMETTA BELLOTTE, Individually; E. B.; C. B., by and through their next friend and mother, Tametta Bellotte,

        Plaintiffs,

      v.

TRACY L. EDWARDS, Detective; P. G. SMITH, Deputy; KEITH SIGULINSKY, Corporal, Ranson Police Department, formerly UNKNOWN DEFENDANT ONE; ADAM LETTS, Corporal, Charles Town Police Department, formerly UNKNOWN DEFENDANT TWO; ROBERT SELL, Corporal, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT THREE; KEVIN BOYCE, Corporal, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT FOUR; JAMES TENNANT, Deputy, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT FIVE; BRANDON HAYNES, Deputy, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT SIX; SAM SMITH, Patrolman, Charles Town Police Department, formerly UNKNOWN DEFENDANT SEVEN; ANTHONY MANCINE, Patrolman, Charles Town Police Department, formerly UNKNOWN DEFENDANT EIGHT; PATRICK NORRIS, Patrolman, Ranson Police Department,

        Defendants – Appellants,

      and

WAL-MART STORES EAST, L.P.,

        Defendant,

      v.

SAMUEL JOSEPH BELLOTTE,

        Third Party Defendant – Appellee.

TAMETTA BELLOTTE, Individually; E. B.; C. B., by and through their next friend and mother, Tametta Bellotte,

Plaintiffs - Appellants,

v.

WAL-MART STORES EAST, L.P.,

Defendant – Appellee,

and

TRACY L. EDWARDS, Detective; P. G. SMITH, Deputy; KEITH SIGULINSKY, Corporal, Ranson Police Department, formerly UNKNOWN DEFENDANT ONE; ADAM LETTS, Corporal, Charles Town Police Department, formerly UNKNOWN DEFENDANT TWO; ROBERT SELL, Corporal, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT THREE; KEVIN BOYCE, Corporal, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT FOUR; JAMES TENNANT, Deputy, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT FIVE; BRANDON HAYNES, Deputy, Jefferson County Sheriff's Department, formerly UNKNOWN DEFENDANT SIX; SAM SMITH, Patrolman, Charles Town Police Department, formerly UNKNOWN DEFENDANT SEVEN; ANTHONY MANCINE, Patrolman, Charles Town Police Department, formerly UNKNOWN DEFENDANT EIGHT; PATRICK NORRIS, Patrolman, Ranson Police Department,

Defendants,

v.

SAMUEL JOSEPH BELLOTTE,

Third Party Defendant.

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cv-00094-JPB)

Submitted: June 29, 2010                Decided: July 21, 2010

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jason P. Foster, STEPTOE & JOHNSON, PLLC, Martinsburg, West Virginia; Thomas E. Carroll, CARROLL & TURNER, P.S.C., Monticello, Kentucky, for Appellants. Joseph L. Caltrider, BOWLES RICE MCDAVID GRAFF & LOVE, LLP, Martinsburg, West Virginia; Thomas E. Carroll, CARROLL & TURNER, P.S.C., Monticello, Kentucky, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy L. Edwards and co-defendants ("the police officers") appeal the district court's order dismissing their third-party complaint against Samuel Bellotte. Tametta Bellotte and her children appeal the district court's dismissal of her complaint against Wal-Mart Stores East, L.P. ("Wal-Mart"). For the reasons that follow, we affirm both judgments.

The police officers argue on appeal that the district court erred by applying the wrong standard for a Fed. R. Civ. P. 12(b) motion to dismiss. This court generally follows the "Four Corners Rule," whereby, in considering a Rule 12(b)(6) motion, a court may "consider the complaint itself and any documents that are attached to it." CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009). A court may also consider a document attached by the defendant if such a document "was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks and alterations omitted).

Under this case law, the police officers are correct that, by relying upon the affidavit filed by Samuel Bellotte, the district court converted the motion to dismiss into one for summary judgment. However, "[i]t is well settled that district

4

courts may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, allowing them to assess whether genuine issues of material fact do indeed exist." Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). Although the district court did not explicitly inform the parties that it was converting the motion to dismiss into a summary judgment motion, "appellate courts may take the district court's consideration of matters outside the pleadings to trigger an implicit conversion." Id. Such an approach serves judicial economy because it "spar[es] the district court an unnecessary remand." Id. With the proceedings in the lower court so understood, it is clear that the he district court did not apply an incorrect standard in denying the motion to dismiss.

The police officers next argue that the district court erroneously determined that Samuel Bellotte did not owe them a duty of care for the purposes of their negligence claim against him. We cannot agree. Under West Virginia law, a plaintiff may recover for negligence by establishing: (1) a duty that the defendant owes to him; (2) a negligent breach of that duty; and (3) injuries received thereby, resulting proximately from the breach of that duty. Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939). The issue of whether a duty exists is intertwined with the issues of foreseeability. Aikens v. Debow, 541 S.E.2d 576, 581 (W. Va. 2000).

5

We concur with the district court's holding that the police officers' allegedly tortious actions were not foreseeable to the reasonable person in Samuel Bellotte's position, and therefore find no error in the dismissal of the officers' negligence claim. We hold the same with regard to the police officers' claim that Samuel Bellotte was the proximate cause of the injuries sustained by Tametta Bellotte. For the same reason that the officers cannot show foreseeability, they also cannot demonstrate causation. We therefore affirm the district court's dismissal of the police officers' third-party complaint against Samuel Bellotte.

Tametta Bellotte appeals the district court's dismissal of her complaint against Wal-Mart. She argues first that the district court improperly dismissed her complaint as untimely served. Because we find adequate grounds for dismissal on the merits, we decline to rule on whether the district court improperly began running the Fed. R. Civ. P. 4(m) time to serve from the first complaint rather than from the second amended complaint.

Tametta Bellotte's next argument on appeal is that the district court erred in applying Virginia law to all of her claims against Wal-Mart.

This court reviews a district court's choice of law determinations de novo. See United States v. Marin, 961 F.2d

6

493, 496 (4th Cir. 1992).  A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits.  See Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 408, 418-19 (4th Cir. 2004) (citations omitted).  Accordingly, the West Virginia district court was bound by West Virginia choice of law rules in determining which state's law governed the parties' dispute.

West Virginia courts apply the *lex loci delicti* choice of law rule; that is, the substantive rights between the parties are determined by the place of the injury.  McKinney v. Fairchild Intern. Inc., 487 S.E.2d 913, 922 (W. Va. 1997). Here, the injuries alleged by Tametta Bellotte took place both in Virginia and West Virginia, depending on which cause of action is at issue.  Her causes of action against Wal-Mart for invasion of privacy allege injury occurring in Virginia; accordingly, Virginia law applies to that element of the complaint.  As to her causes of action for negligence and intentional infliction of emotional distress, however, West Virginia law applies because the injury alleged (the nighttime raid by police on the Bellottes' home) took place in West Virginia.

Turning to her gross negligence claim, Tametta Bellotte claims that the district court improperly dismissed the claim on the merits.  We disagree.

On appeal, the only duty Tametta Bellotte alleges is the general duty of care to not make allegations to law enforcement that Samuel Bellotte was a child pornographer. Her complaint does not actually allege that Wal-Mart was negligent in its reporting the photographs to the police. However, even construing the complaint broadly to incorporate this theory of negligence, Wal-Mart still did not owe a duty to Tametta Bellotte or her children. There is no evidence in the record that Wal-Mart was aware or should have been aware that Samuel Bellotte was married and had children at home. Samuel Bellotte did not sue Wal-Mart, and Tametta Bellotte and her children cannot sue based on a legal duty owed to one who is not a plaintiff. Moreover, as previously discussed, the allegedly tortious actions of the police officers constitute an intervening proximate cause of her injury that relieves Wal-Mart of liability. See Wolf v. Faquier County Bd. of Supervisors, 555 F.3d 311 (4th Cir. 2009).

With respect to Tametta Bellotte's claim that Wal-Mart committed the tort of intentional infliction of emotional distress, we concur with the district court in holding that she cannot make such a claim. To succeed on an intentional infliction of emotional distress claim under West Virginia law, a plaintiff must prove four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Labs, Inc., 504 S.E.2d 419, 425 (W. Va. 1998). Even taking her allegations as true, Tametta Bellotte cannot prove that Wal-Mart or its employees knew of her existence. She therefore cannot sustain an action for intentional infliction of emotional distress.

Tametta Bellotte next claims that Wal-Mart committed the tort of invasion of privacy against her and her children. Again, because the injury (the invasion itself) took place at a Wal-Mart located in Virginia, Virginia substantive law applies. Virginia law recognizes only a limited cause of action for invasion of privacy when a defendant uses the name or picture of a plaintiff without authorization. See Va. Code. Ann. § 8.01-40 (Michie 2009). Virginia courts have never recognized a common law tort of invasion of privacy. See Smith v. Dameron, 1987 WL 488719 at *3 (Va. Cir. Ct. 1987); Cohen v. Sheehy Ford of Springfield, Inc., 1992 WL 884552 at 2 (Va. Cir. Ct. 1992). Because the courts of Virginia do not recognize the tort as

alleged, we find that the district court did not err in dismissing this claim.

Finally, we find that because grounds existed to dismiss Tametta Bellotte's claims against Wal-Mart on the merits, we need not address whether Wal-Mart is entitled to statutory immunity.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED